```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

IAN PHILLIPS                       :
                                   :
     v.                            :   Civ. No. 3:06cv100(AHN)
                                   :   Civ. No. 3:05cv1959(AHN)
MERRILL LYNCH, PIERCE,             :
 FENNER and SMITH, INC.            :
                                   :
```

## RULING ON PENDING MOTIONS

This consolidated case arises from Ian Phillips's ("Phillips") allegations that his former broker, Merrill Lynch, Pierce, Fenner, & Smith, Inc. ("Merrill Lynch"), failed to employ proper hedging strategies in 1999 and 2000 to protect his investment portfolio.  Based on these allegations, Phillips asserts claims against Merrill Lynch for breach of contract, professional negligence, and respondeat superior.  In turn, Merrill Lynch petitions this court to confirm an award issued by a National Association of Securities Dealers ("NASD") panel of arbitrators ("the Panel"), which dismissed Phillips's claims.

Merrill Lynch previously petitioned this court to confirm the Panel's award.  This court, however, found the award ambiguous and remanded the decision to the Panel for clarification.  After that remand, the Panel issued a clarification of its decision.

Now pending before this court are three motions: (1) Merrill Lynch's renewed petition to confirm the arbitration award against Phillips [dkt. #50]; (2) Phillips's motion in opposition to

vacate the award [dkt. #51]; and (2) Merrill Lynch's renewed motion to dismiss Phillips's complaint [dkt. #50].

For the following reasons, the court GRANTS Merrill Lynch's petition to confirm the arbitration award and DENIES Phillips's motion to vacate the award.  In addition, the court GRANTS Merrill Lynch's motion to dismiss Phillips's complaint.

FACTS AND PROCEDURAL BACKGROUND[1]

In May 1999, Phillips opened a cash management account ("CMA") with Merrill Lynch in order to receive professional investment advice from a Merrill Lynch broker named Sanford Perlin ("Perlin").  Phillips subsequently transferred cash and stock to that account worth over $7 million.  Under Perlin's management, however, Phillips's investment portfolio declined. Around May 2000, Perlin moved to another brokerage firm, Round Hill Securities, Inc. ("Round Hill"), but Perlin continued to advise Phillips.  During the time that Merrill Lynch managed his portfolio, Phillips claims to have lost more than $6 million.

In January 2005, Phillips filed a Statement of Claim with the NASD against Merrill Lynch and Round Hill[2], asserting

---

[1] This court's previous ruling remanding the decision to the Panel [dkt. # 49] elaborated on the facts as alleged in Phillips's complaint.  Therefore, in this ruling, the court will only relate those facts necessary to address the issues presented by the new motions.

[2] Phillips ultimately settled his claims against Round Hill.

violations of the federal securities laws, the Connecticut Uniform Securities Act, and state-law tort claims for breach of fiduciary duty, contract, fraud, and negligence.  In particular, Phillips alleged that Merrill Lynch violated the CMA agreement, which required Merrill Lynch to recommend investments in accordance with his clearly and explicitly stated objectives, to perform due diligence with respect to its investment recommendations, and to represent and disclose the risks associated with its recommendations.

Merrill Lynch denied these allegations and moved to dismiss the Statement of Claim, arguing that Phillips's claims were time-barred under various statutes of limitations.

After hearing arguments from both parties, the Panel initially denied Merrill Lynch's motion to dismiss on August 5, 2005.  However, on August 18, 2005, the Panel reconsidered its denial and issued the following decision:

> The Panel has reviewed the NASD Code of Arbitration Procedure, and within that Code, to [sic] the Uniform Code of Arbitration Rule 10304, as it relates to the Motion to Dismiss Untimely Allegations by attorneys representing Merrill Lynch, Pierce, Fenner & Smith, Incorporated.
>
> On the basis of that further consideration, the panel hereby grants Merrill Lynch's Motion to Dismiss Untimely Allegations.

Following the Panel's dismissal of Phillips's claims, Phillips and Merrill Lynch filed separate actions, which were

ultimately consolidated in this court.[3]  Phillips alleged three claims against Merrill Lynch: (1) breach of contract; (2) professional negligence; and (3) respondeat superior.  Merrill Lynch petitioned the court to confirm the Panel's arbitration award and moved to dismiss Phillips's complaint.

On July 25, 2006, this court remanded the decision to the Panel for clarification because it found the August 18, 2005 decision unclear as to whether the Panel dismissed Phillips's claims because they were ineligible for arbitration under NASD Code of Arbitration Procedure § 10304 ("Rule 10304") or because the claims were time-barred under the applicable Connecticut statute of limitations.  Pending the Panel's clarification, this court denied without prejudice Merrill Lynch's motion to confirm the arbitration award and its motion to dismiss.

The parties jointly submitted this court's remand order to the Panel and asked the Panel to clarify its previous dismissal. On August 29, 2006, the Panel issued the following statement signed by each Panel member:

---

   [3]  Phillips initially filed a complaint against Merrill Lynch in the United States District Court for the District of Delaware.  Merrill Lynch moved to dismiss the Delaware complaint and filed a separate action in this court seeking confirmation of the Panel's award.  Phillips, then, voluntarily dismissed the Delaware action and filed nearly identical claims in this court. Thereafter, the two actions were consolidated.

>The Panel dismissed claimant's claims on the grounds that they were ineligible for arbitration under applicable Connecticut statutes of limitations, which had been exceeded.
>
>The Panel's dismissal of claims was made with prejudice.

Based on the Panel's clarification, Merrill Lynch renewed its petition to confirm the arbitration award and renewed its motion to dismiss Phillips's complaint.  In opposition, Phillips moved to vacate the award.

## STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"), a party to an arbitration may apply to the court for an order confirming the award, i.e., entry of judgment for the winning party.  See 9 U.S.C. § 9.  "[A]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  Hardy v. Walsh Manning Sec., L.L.C., 341 F.3d 126, 129 (2d Cir. 2003) (citation and quotation omitted).  The court, therefore, must confirm the award unless "the award is vacated, modified, or corrected . . . ."  9 U.S.C. § 9.

## DISCUSSION

I.   Merrill Lynch's Petition to Confirm the Panel's Award and Phillips's Motion to Vacate the Award

Phillips not only opposes confirmation of the award but, for

-5-

the first time, moves to vacate the award.  But before considering whether the award should be confirmed, the court must determine whether Phillips's motion to vacate was timely filed. If the motion was not timely, then this court's confirmation of Merrill Lynch's award is simply "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984).  If it was timely, then the court must determine whether Phillips's motion presents a valid reason to vacate the award.

     A.   The Timeliness of Phillips's Motion to Vacate the Award

According to the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  Merrill Lynch argues that Phillips's motion to vacate is untimely because it was filed nearly fourteen months after the Panel issued its August 18, 2005 decision. Phillips responds that the Panel's decision was not "final" for purposes of the FAA's three-month time limit until the clarification was issued on August 29, 2006 and that he timely filed his motion within three months of the clarification.  The court agrees that Phillips's motion to vacate was timely filed.

The Second Circuit has stated that "[a]n award is mutual, definite and final if it resolves all issues submitted to arbitration, and determines each issue fully so that no further

litigation is necessary to finalize the obligations of the parties." ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc., 102 F.3d 677, 686 (2d Cir. 1996) (quotation and citation omitted); accord Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 176 (2d Cir. 1998) ("[A]n arbitration award, to be final, must resolve all the issues submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication."); see Local 63, Textile Workers Union of Am., C.I.O. v. Cheney Bros., 141 Conn. 606, 617 (1954) ("[A]n award must be final as to the matters submitted so that the rights and obligations of the parties may be definitely fixed.").

Because of its ambiguity, the Panel's August 18, 2005 decision left open a key issue as to the award's finality: whether the Panel had ruled on all of Phillips's substantive claims or none of them. As discussed in this court's previous ruling, the Panel stated that it had "reviewed" Rule 10304 and "on the basis of that further consideration" dismissed Phillips's claims. During the arbitration proceedings, however, Merrill Lynch conceded that Phillips's claims were arbitrable under Rule 10304 and argued instead for their dismissal under various statutes of limitations. By citing Rule 10304 in its decision,

however, the Panel left open the possibility that it simply found Phillips's claims ineligible for arbitration, and for that reason, would not rule on the merits of his claims.

The Panel's reference to Rule 10304 in its decision was significant because under that rule a claim is not eligible for arbitration unless it is filed within six years of the underlying events, and a dismissal under this rule does not preclude a party from pursuing his claims in court.  See Rule 10304; see also Howsam v. Dean Witter Reynolds, 537 U.S. 79, 85 (2002) (Rule 10304 determines whether claims are eligible for arbitration before the NASD); Edward D. Jones & Co. v. Sorrells, 957 F.2d 509, 512 (7th Cir. 1992) (quoting a statement by NASD staff attorney that described NASD Rule 15 (now Rule 10304) as "an eligibility requirement rather than a statute of limitations"). Thus, if the Panel dismissed Phillips's claims because it found that they were ineligible for arbitration under Rule 10304, that would not have been a final decision and Phillips would have retained the right to pursue his claims in this court.  By contrast, if the Panel dismissed his claims because they found them time-barred under the applicable statute of limitations, then its decision would be final.  See ConnTech Dev. Co., 102 F.3d at 686 (stating that a decision is not final if further litigation is necessary to finalize the obligations between the parties); Hart v. Overseas Nat. Airways Inc., 541 F.2d 386, 390

(3d Cir. 1976) ("It is clear that disputed issues crucial to a final determination of this matter remain; consequently, the Award remains ambiguous, indefinite and incomplete, and thus not enforceable by this Court as a complete final award."). Because of this ambiguity with regard to the grounds for the Panel's August 18, 2005 decision, it could not "constitute 'a mutual, final, and definite award upon the subject matter submitted' within the meaning of 9 U.S.C. § 10(d)." Olympia & York Florida Equity Corp. v. Gould, 776 F.2d 42, 45 (2d Cir. 1985).

Merrill Lynch has not presented this court with any case law demonstrating that the Panel's August 18, 2005 award should be considered "final" for purposes of applying the FAA's three-month time limit.[4]  Therefore, the court finds that Phillips's motion to vacate was timely because it was filed within three months of

---

[4] Merrill only cites Wallace v. Buttar in a footnote for the proposition that "a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." 378 F.3d 182, 197-98 (2d Cir. 2004) (quoting Florasynth, 750 F.2d at 175).  While this proposition is not disputable, it fails to address the issue here: whether the Panel's award can be considered "final" even though the ambiguous decision raised the possibility that the Panel found Phillips's claim ineligible for arbitration.
Merrill Lynch also argues that Phillips, in his papers, conceded the "finality" of the Panel's August 2005 award. Phillips's statement, however, comports with his belief that the Panel found his claims ineligible for arbitration and that he could file suit in federal court.  Furthermore, to the extent that Merrill Lynch contends that Phillips's statement constitutes waiver or estoppel of his current motion to vacate, Merrill Lynch has not pointed this court to any case law supporting that argument.

the date the Panel clarified its award.

> B.  Merrill Lynch's Petition to Confirm and Phillips's Motion to Vacate

The court now turns to the merits of Merrill Lynch's renewed motion to confirm the clarified award and Phillips's motion to vacate it.  Phillips argues that the award should be vacated because the Panel's decision demonstrates a "manifest disregard of the law."  Merrill Lynch maintains that the award should be confirmed because Phillips merely alleges that the Panel incorrectly decided that his claims were time-barred, which is not enough to demonstrate manifest disregarded the law.

Under the judicially created doctrine of "manifest disregard of the law," a court may vacate an arbitration award if it finds "both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case."[5]  Greenberg v.

---

[5]  In explaining the standard this court must follow in reviewing the Panel's award, Phillips incorrectly states that "[t]he Court should accept findings of fact that are not clearly erroneous . . . and should decide questions of law de novo."  The case that Phillips claims stands for this proposition, Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1132 (9th Cir. 2003), discusses the standard governing an appellate court's review of a district court's confirmation or vacation of an arbitration award.  This standard is inapplicable to the current situation, where a district court has been asked to review an arbitration panel's decision.  The Second Circuit has made clear that "[a] motion to vacate filed in federal court is not an occasion for de novo review of an arbitral award."  Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004).

Bear, Stearns & Co., 220 F.3d 22, 28 (2d Cir. 2000) (quotation and citation omitted).  "The showing required to avoid summary confirmation of an arbitration award is high, . . . and a party moving to vacate an award has the burden of proof . . . ." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (internal citations omitted).  Phillips has failed to make such a showing.

While it is true that in its clarification, the Panel stated without explanation that the Connecticut statute of limitations had been "exceeded," this does not constitute manifest disregard. "[A]rbitrators are not required to provide an explanation for their decisions . . . ."  Willemijn, 103 F.3d at 12.  Where arbitrators have not explained their decision, a court should only infer manifest disregard of the law "if the error made by the arbitrators is so obvious that it would be instantly perceived by the average person qualified to serve as an arbitrator."  Id. at 13 (stating that confirmation is required "even if the ground for [the arbitrators'] decision is based on an error of fact or an error of law")(citations and quotations omitted).  Otherwise, "[i]f there is even a barely colorable justification for the outcome reached, the court must confirm the arbitration award."  Id.

Contrary to Phillips's claim, the Panel did not manifestly disregard the law when it concluded that his breach of contract,

-11-

professional negligence, and respondeat superior claims – the same claims he alleges in his complaint – were barred by the Connecticut statute of limitations.[6]  According to Phillips, this amounts to manifest disregard because his breach of contract and professional negligence claims are based entirely on a written contract, the CMA agreement, and therefore are subject to a six-year statute of limitations.  <u>See</u> Conn. Gen Stat. § 52-576(a) (stating that a six-year statute of limitations applies to actions based "on any simple or implied contract, or on any contract in writing").  Phillips reasons that, aside from any equitable tolling arguments, the earliest date that these claims could have accrued was March 2002, the time he allegedly discovered the misconduct by Perlin and Merrill Lynch.  Phillips concludes that, by filing the Statement of Claim with the NASD in January 2005, he brought his claims within three years of their accrual, and well within the six-year statute of limitations period.

Although Phillips has provided the court arguments for reaching a different conclusion than the Panel reached, he has failed to demonstrate that the Panel lacked even a "barely colorable justification" for its decision.  The Panel, for

---

[6] Phillips does not argue that the Panel manifestly disregarded the law when it dismissed his other claims, which included violations of the federal securities laws, the Connecticut Uniform Securities Act, and other state law tort claims.

example, could have reasoned that Phillips's breach of contract, professional negligence, and respondeat superior claims were all tort claims, and as such, were subject to a three-year statute of limitations under Connecticut law, which lapsed by the time he filed his Statement of Claim.  See Conn. Gen. Stat. § 52-577. Indeed, the arbitrators could reasonably have construed Phillips's breach of "contract" claim as a tort claim because it is based predominantly on an implied covenant of good faith and fair dealing, which is governed by the three-year tort statute of limitations.  See West Haven v. Commercial Union Ins. Co., 894 F.2d 540, 546 (2d Cir. 1990) (stating that under Connecticut law, "a claim involving a duty of good faith and fair dealing sounds in tort").  In addition, despite Phillips's argument that his professional negligence claim stems from the CMA agreement, the Panel could have properly viewed it as a tort, which, like legal malpractice, is governed by a three-year statute of limitations. See Fleet Servs. Corp. v. ASA Real Estate Servs., No. CV990156591S, 2002 WL 31304939, at *2 (Conn. Super. Ct. September 20, 2002) ("Both parties agree that professional negligence is a tort and is therefore subject to a three-year statute of limitations pursuant to § 52-577."); see also Caffery v. Stillman, 79 Conn. App. 192, 197 (2003) (stating that a "claim that a defendant promised to work diligently or in accordance with professional standards is not made a contract claim simply

because it is couched in the contract language of promise and breach").  Likewise, to the extent that the Panel considered Phillips's respondeat superior claim as a distinct claim, as opposed to a mere theory of tort liability, the Panel could have justifiably and correctly applied the three-year tort statute of limitations to it.  See Matthiessen v. Vanech, 266 Conn. 822, 839 (2003) (describing respondeat superior as an employer's tort liability arising from an employee's underlying tortious conduct).

Moreover, rather than finding that the claims accrued in March 2002, as Phillips asserts, the Panel could have concluded, based on the record evidence, that these claims accrued between 1999 and 2001, when Phillips sustained losses.  See, e.g., S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan & King, P.C., 32 Conn. App. 786, 790 (1993) (stating that "the time period within which a plaintiff must commence an action [under Conn. Gen. Stat. § 52-577] begins to run at the moment the act or omission complained of occurs").  By this line of reasoning, the Panel did not manifestly disregard the law.

Because Phillips's claims could reasonably be construed as tort claims, the panel was justified in concluding that they were subject to Connecticut's three-year statute of limitations period and that they were time-barred by January 2005, the time Phillips filed his Statement of Claim with the NASD.  Accordingly, in the

absence of any viable justification for vacating the award, the court must confirm it.[7]  See W.K. Webster & Co. v. Am. President Lines, Ltd., 32 F.3d 665, 669 (2d Cir. 1994) ("Even if we were to disagree with the arbitration panel's interpretation or conclusion, . . . we could not say that the arbitration panel manifestly disregarded the law . . . .").

    II.  Merrill Lynch's Motion to Dismiss

Merrill Lynch also renews its motion to dismiss Phillips's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  It argues that the Panel's decision was a final adjudication of Phillips's claims and this action is barred by res judicata.  The court agrees.

"[T]he doctrine of res judicata applies to the decisions of an arbitration panel, especially in a case in which the decisions are made for a purpose similar to those of a court and in proceedings similar to judicial proceedings."  Fink v. Golenbock, 238 Conn. 183, 195 (1996).  An arbitration award "has the force of a judgment, and therefore becomes res judicata as to all matters embraced in the submission . . . between the parties."  Id. (internal quotation and citation omitted); see Associated Constr. Co. v. Camp, Dresser & McKee, Inc., 646 F. Supp. 1574,

---

[7] Even if the court could conclude that the Panel misinterpreted the CMA agreement, the claim that "the arbitrators misconstrued a contract is not open to judicial review." Bernhardt v. Polygraphic Co. of America, Inc., 350 U.S. 198, 203 n. 4 (1956).

1578 (D. Conn. 1986) (stating that an "arbitration award, whether or not sustained by a court judgment constitutes finality for res judicata" and citing Corey v. Avco-Mycoming Div., 63 Conn. 309, 318 (1972)).

Prior to the Panel's clarification of the award, Phillips argued that res judicata did not apply because the Panel never adjudicated his claims on the merits.  While this was one interpretation of the Panel's ambiguous August 18, 2005 decision, the Panel has now made clear that it dismissed Phillips's claims with prejudice because the Connecticut statute of limitations had lapsed.  A dismissal on statute of limitations grounds is a judgment on the merits.  See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995).  Because the Panel issued a final judgment, which this court has now confirmed, the court concludes that the Panel's award has res judicata effect precluding Phillips's complaint.  See Associated Constr., 646 F. Supp. at 1578.

## CONCLUSION

For the foregoing reasons, the court GRANTS Merrill Lynch's petition to confirm the arbitration award [dkt. #50]; DENIES Phillips's motion to vacate the award [dkt. #51]; and GRANTS Merrill Lynch's motion to dismiss Phillips's complaint [dkt. #50].  The Clerk is directed to enter judgment accordingly and to close this case.

SO ORDERED this 14th day of December, 2006 at Bridgeport, Connecticut.

```
                        /s/
                  Alan H. Nevas
             United States District Judge
```